IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KIMBERLY A. PEARSON                                                                                    PLAINTIFF

vs.                                               Civil No. 3:14-cv-03058

CAROLYN W. COLVIN                                                                                    DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Kimberly A. Pearson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 8.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on January 12, 2012. (Tr. 15, 170-180). In her applications, Plaintiff alleges being disabled due to severe migraines, muscle pain and weakness, memory loss, numbness in her left arm, depression, and stress. (Tr. 212). Plaintiff alleges an onset date of January 15, 2011. (Tr. 15). Plaintiff's applications were denied initially and again

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

upon reconsideration. (Tr. 65-68).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 86-97). Plaintiff's administrative hearing was held on April 30, 2013 in Fort Smith, Arkansas. (Tr. 30-64). At this hearing, Plaintiff was present and was represented by Frederick Spencer. *Id.* Plaintiff and Vocational Expert ("VE") John Massey testified at the hearing in this matter. *Id.*

On July 15, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 11-24). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2016. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 15, 2011, her amended alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: musculoskeletal disorder (chronic back pain) and mental disorder (mood disorder, depression). (Tr. 17-18, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 18-19, Finding 4).

The ALJ evaluated Plaintiff's age and level of education in his opinion. As for her age, the ALJ determined Plaintiff was forty-three (43) years old on her alleged disability onset date. (Tr. 23, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008) (SSI) and under 20 C.F.R. § 404.1563(c) (2008) (DIB). (Tr. 23, Finding 7). As for her education, the ALJ found it was "limited, but she did obtain her GED certification. (Tr. 23, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her

2

Residual Functional Capacity ("RFC").  (Tr. 19-22, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except as follows: The claimant is able to frequently lift and/or carry ten pounds and occasionally twenty pounds, push and/or pull within the limitations of lifting and carrying, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of six hours in an eight hour workday, with normal breaks.  The claimant can frequently operate foot controls with her lower extremity.  The claimant is limited to work where the complexity of tasks is learned by rote and the supervision is simple, direct, and concrete.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW.  (Tr. 22-23, Finding 6).  The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy.  (Tr. 23-24).  The VE testified at the administrative hearing regarding this issue.  *Id.*  Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the following: (1) maid, housekeeper (light, unskilled) with 130,000 such jobs in the United States and 1,000 such jobs in Arkansas; (2) routing clerk (light, unskilled) with 42,500 such jobs in the United States and 340 such jobs in Arkansas; and (3) power screwdriver operator (light, unskilled) with 59,800 such jobs in the United States and 485 such jobs in Arkansas.  *Id.*  Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 15, 2011 through the date of his decision or through July 15, 2013.  (Tr. 24, Finding 11).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 10).  The Appeals

Council denied Plaintiff's request for review. (Tr. 1-4). On June 2, 2014, Plaintiff filed her Complaint in this matter. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 10, 2014. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11-12. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred in evaluating her medical records; and (2) the ALJ erred in finding her migraine headaches were non-severe. ECF No. 11 at 1-14. Upon review, the Court finds the ALJ did err by finding Plaintiff's migraine headaches were not a severe impairment. Accordingly, the Court will only address this issue.

A claimant suffers from a severe impairment if that impairment is more than slight and if that

impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,* 500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ did not find Plaintiff's migraine headaches were a severe impairment. (Tr. 17-18, Finding 3). The ALJ made this finding despite the fact Plaintiff's headaches are the primary source of her alleged disability. (Tr. 39, 212). During the administrative hearing in this matter, Plaintiff stated she has "more than 12-20 headaches per month." *Id.* She stated "[s]ome can last up to 1-2 hours, some are extreme." *Id.* Plaintiff's medical records also support her allegation that her migraines are severe. (Tr. 342-344, 381, 384-85). In these records, including one report by an SSA-paid consulting examiner, Plaintiff was found to suffer from "severe migraine headaches" which give her "severe" limitations. (Tr. 385).

Based upon these records, the Court finds this evidence is sufficient to meet the lower

standard for demonstrating an impairment is "severe." Because the ALJ erred by not finding this was a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887 ("... we reject the Commissioner's argument of harmless error").

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 23rd day of April 2015.**

/s/   Barry A. Bryant
                HON. BARRY A. BRYANT
                U.S. MAGISTRATE JUDGE